3:08-CV-2527

TEH

JS 44 (Rev. 12/07) (cand rev 1-16-08)  **CIVIL COVER SHEET**

ADR   ECT

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
FELICIA POWE-FLORES

**DEFENDANTS**
KAISER FOUNDATION HOSPITALS and Ryan Thomas

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John Houston Scott, Esq. / Lizabeth N. de Vries, Esq.
Scott Law Firm
1375 Sutter Street, #222, San Francisco, CA 94109
Telephone: (415) 561-9600

Attorneys (If Known)
Deborah J. Broyles./Deborah R. Schwartz./Tzaddi S. Thompson
Thelen Reid Brown Raysman & Steiner LLP
101 Second Street, San Francisco, CA 94105
Telephone: (415) 371-1200

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State. | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1981
Brief description of cause: Plaintiff alleges that she was harassed and discriminated against in violation of 42 U.S.C. § 1981; she also bring claims under the California Bane and Ralph Acts, as well as a claim for tortious failure to promote in violation of public policy.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
May 19, 2008

SIGNATURE OF ATTORNEY OF RECORD
Tzaddi S. Thompson

American LegalNet, Inc.
www.FormsWorkflow.com

1  DEBORAH J. BROYLES, CA BAR NO. 167681
   DEBORAH R. SCHWARTZ, CA BAR NO. 208934
2  TZADDI S. THOMPSON, CA BAR NO. 229018
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, CA 94105
4  Tel. 415.371.1200
   Fax 415.371.1211
5
   Attorneys for Defendant
6  KAISER FOUNDATION HOSPITALS

7

8

9                    UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
   FELICIA POWE-FLORES,                    Case No.: **C08-02527**
12
                    Plaintiff,             **NOTICE OF REMOVAL OF CIVIL**
13                                         **ACTION**
                    vs.
14
   KAISER FOUNDATION HOSPITALS and
15 RYAN THOMAS,

16                  Defendants.

17

18 TO THE CLERK OF THE U.S. DISTRICT COURT:

19      PLEASE TAKE NOTICE THAT defendant Kaiser Foundation Hospitals ("Defendant

20 Kaiser") hereby removes to this Court, pursuant to 28 U.S.C. sections 1331, 1367 and 1441(b), the

21 pending state court civil action identified in paragraph 1 below on the following grounds:

22      1.      On March 14, 2008, plaintiff Felicia Powe-Flores ("Plaintiff") commenced a civil

23 action against Defendant Kaiser in the Superior Court of the State of California, in and for the

24 County of Alameda, entitled *Felicia Powe-Flores v. Kaiser Foundation Hospital, Ryan Thomas,*

25 *and Does 1-50, inclusive,* bearing Case No. RG08376663 (hereinafter the "State Court Action").

26 A true and correct copy of Plaintiff's Complaint For Damages and Injunctive Relief ("Complaint")

27 filed in the State Court Action is attached hereto as Exhibit 1.

28

SF #1484200 v1                          -1-

1    2.    The Complaint names as a separate defendant, "Ryan Thomas." However, based
2    on information and belief, Kaiser asserts that Plaintiff has not served this separate defendant with
3    the Complaint or Summons.

4    3.    On March 17, 2008, Alameda County Superior Court issued notice of an Initial
5    Case Management Conference and Judicial Assignment for All Purposes. These documents are
6    attached collectively hereto as Exhibit 2.

7    3.    On April 17, 2008, Plaintiff personally served Defendant Kaiser with the
8    Summons, Complaint, and Civil Case Cover Sheet. True and correct copies of these documents,
9    as well as the Proof of Service of Summons, are attached collectively hereto as Exhibit 3.

10    4.    On May 16, 2008, Defendant Kaiser filed in Alameda County Superior Court, and
11    served upon Plaintiff by regular mail, an Answer to Plaintiff's Complaint. A true and correct copy
12    of this Answer is attached hereto as Exhibit 4.

13    5.    A state court civil action in which there are claims alleged arising under the
14    Constitution or laws of the United States may be removed to a United States District Court,
15    without regard to the amount in controversy. (28 U.S.C. §§ 1331, 1441(b).) The above-entitled
16    State Court Action is properly removed to this Court pursuant to 28 U.S.C. sections 1331 and
17    1441(b), in that:

18    (a)    Plaintiff's Complaint asserts a cause of action against Defendant Kaiser
19    entitled: "THIRD CAUSE OF ACTION (42 U.S.C. §1981) Against KAISER." (Exh. 1, ¶¶ 49-54.)
20    Plaintiff alleges that "Plaintiff was subjected to harassment and intimidation because of her race
21    and gender. KAISER treated THOMAS's threats against plaintiff differently than similar threats
22    against white women." (Exh. 1, ¶ 52.) This cause of action arises explicitly under 42 U.S.C.
23    section 1981, and thus presents a federal question. (See 42 U.S.C. §1981.)

24    (b)    United States District Courts have original jurisdiction over actions
25    involving an alleged violation of 42 U.S.C. section 1981. (28 U.S.C. §1331.)

26    6.    Even if the Court does not have original jurisdiction over Plaintiff's other state law
27    causes of action asserted in the Complaint, those other causes of action arise out of and relate to
28    Plaintiff's alleged employment with Defendant Kaiser, and thus they are transactionally related to

SF #1484200 v1    -2-

1  the Third Cause of Action over which this Court does have original jurisdiction. Accordingly,

2  such state law causes of action also are removable and subject to this Court's supplemental

3  jurisdiction pursuant to 28 U.S.C. sections 1367(a) and 1441(c).

4      7.     The pleadings and papers attached hereto as Exhibits 1, 2, 3 and 4 constitute all of

5  the papers and pleadings known by Defendant Kaiser to be on file in the State Court Action as of

6  the date of filing of this Notice of Removal.

7      8.     This Notice of Removal is filed within the time prescribed by 28 U.S.C. section

8  1446(b) in that it was filed within 30 days of the date Plaintiff served Defendant Kaiser with the

9  Complaint setting forth her federal claim for relief under 42 U.S.C. section 1981.

10     9.     The alleged events giving rise to the State Court Action occurred in Alameda

11 County. Alameda County is located within the jurisdiction of the United States District Court for

12 the Northern District of California, Oakland Division and therefore this Court is the proper venue

13 for the removal of the State Court Action.

14     10.    For all of the foregoing reasons, the State Court Action is removable to this Court

15 under 28 U.S.C. sections 1331 and 1441(b).

16     11.    By the filing of this Notice of Removal, Defendant Kaiser does not waive, and

17 hereby expressly reserves, its right to assert any substantive or procedural defenses which may

18 apply to the causes of action and claims for relief alleged by Plaintiff in the Complaint.

19 Dated: May 19, 2008

20                                    THELEN REID BROWN RAYSMAN & STEINER LLP

21

22                              By _____

23                                    Tzaddi S. Thompson
                                      Attorneys for Defendant
24                                    KAISER FOUNDATION HOSPITALS

25

26

27

28

SF #1484200 v1                        -3-

*6046303*

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Tel: (415) 561-9600
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff,
FELICIA POWE-FLORES

F I L E D
ALAMEDA COUNTY

MAR 1 4 2008

Exec. Off. Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA – RENÉ C. DAVIDSON COURTHOUSE

| | |
|---|---|
| FELICIA POWE-FLORES, <br><br> Plaintiff, <br><br> v. <br><br> KAISER FOUNDATION HOSPITAL, RYAN THOMAS, and DOES 1-50, inclusive <br><br> Defendants. | Case No.: RG 08 376663 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **(Cal. Civ. Code Sections 51.7 and 52.1; Failure to promote in violation of public policy; 42 U.S.C. § 1981)** <br><br> **JURY TRIAL DEMANDED** |

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

Plaintiff, FELICIA POWE-FLORES, complains against defendants and each of them and alleges causes of action as follows:

### PARTIES

1.    Plaintiff FELICIA POWE-FLORES (hereafter "FLORES") is an African-American woman who, at all times mentioned, was an employee of Kaiser Foundation Hospital.

2.    Defendant, KAISER FOUNDATION HOSPITAL (hereafter "KAISER") is corporation doing business in the State of California.

3.    Defendant RYAN THOMAS (hereafter "THOMAS") is an individual who was plaintiff's co-worker at KAISER. In doing the acts alleged herein he acted as an agent and employee of KAISER and his conduct was ratified, encouraged, and condoned by KAISER.

- 1 -

1    4.    Plaintiff is ignorant of the true names and capacities, whether individual,

2    corporate or otherwise of DOES 1 through 50 herein, and prays leave of Court to insert the true

3    names and capacities of such Defendants when they become known or ascertained together with

4    appropriate charging allegations.

5    5.    In doing the acts or omissions complained of Defendants, their agents and

6    employees, acted or failed to act in concert and/or with the authorization and knowledge of each

7    other.

8    ## STATEMENT OF FACTS

9    6.    FLORES began working for KAISER in November 1993 as a Central Supply

10    Technician.

11    7.    In 2002, FLORES was transferred to the operating room of the Sterile Processing

12    Department and within eight months was promoted to Lead Technician.

13    8.    Plaintiff's direct supervisor was Rodney Gore who reported to Sterile Processing

14    Manager, Jim Barnett. Jim Barnett reported to Eileen Ulman, Perioperative Director.

15    9.    In 2002, KAISER hired THOMAS THOMAS as a technician.  He became

16    FLORES's co-worker in the Sterile Processing Department.

17    10.    On several occasions during the period of 2002 to 2004, FLORES and other

18    KAISER employees observed THOMAS making violent gestures implying that he would carry

19    out those threats or injure those individuals.

20    11.    In 2003, THOMAS exposed himself to FLORES and others, and openly displayed

21    bite marks in the department explaining that they came from fights with his girlfriend. These

22    incidents were reported to both Jim Barnett and Rodney Gore.

23    12.    Defendant THOMAS first threatened plaintiff on or about May 5, 2004 when

24    FLORES noticed that THOMAS was in the employee lounge.  FLORES asked THOMAS to

25    return to the Sterile Processing Department. He returned to the department minutes later, yelling

26    numerous profanities, including but not limited to, "How dare you tell me what to do, you bitch! I

27    should spit in your face… you hoe… black bitch! You don't know who you are fucking with!"

28

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 2 -

1    FLORES told him not to speak to her in that manner. He responded. "Shut the fuck up... I could

2    slap the shit out of you!"

3        13.    During this incident, THOMAS was standing over FLORES while she was sitting

4    at the desk. THOMAS, who stands about 5'9", 240 lbs., would not move from in front of the

5    chair and would not allow FLORES to get up. FLORES then began speaking loudly and ran to

6    find supervisor Gore, with THOMAS pacing behind her inviting her to go outside. Gore

7    instructed THOMAS to leave.

8        14.    Plaintiff promptly reported THOMAS's threats to KAISER security and the police.

9        15.    FLORES alleges on information and belief that KAISER imposed no discipline

10   against THOMAS, and did nothing to discourage his threats.

11       16.    In the course of investigating THOMAS's threats, KAISER's managing agents

12   Jim Barnett and Director of Perioperative Services, Eileen Ullman, accused plaintiff of

13   discriminating against black men because she had previously made a report against another black

14   male, and because she was married to a non-black (Filipino) man. FLORES was also advised to

15   follow the appropriate chain of command. Jim Barnett was Gore's manager at the time.

16       17.    On or about March 30, 2006, THOMAS threatened FLORES again, saying he was

17   so angry that he would "go to his car, get his knife and cut Felicia [FLORES] up into little

18   pieces."

19       18.    Plaintiff did not immediately report this threat to KAISER Security or to the

20   police. Rachel Moree, Sterile Processing Assistant Manager, who was present at the time the

21   threat occurred, responded to THOMAS's threat and stated that she would complete the report.

22   Plaintiff immediately went home.

23       19.    On or about April 3, 2003, FLORES sent an e-mail and a memorandum to the

24   Director of Perioperative Services, Sandra Schmidt, who advised FLORES to report her

25   concerns to Frank Mellon in the Human Resources Department, which she did.

26       20.    On or about April 4, 2006, FLORES reported this threat to Rodney Gore,

27   THOMAS' supervisor, who told plaintiff that he had "white man's guilt" that he didn't want to

28   see another black baby with a father who was not working.

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 3 -

21.    In April 2006, Sandra Schmidt said words to the effect of "it looked funny that FLORES had called security on two occasions, both against black men."

22.    Soon thereafter, FLORES started receiving threatening voicemail messages on her cell phone and text messages on her pager saying "just when you think it is over, it has just begun."

23.    On or about April 16, 2006, Sandra Schmidt ordered FLORES to attend a meeting with THOMAS, Rodney Gore, Frank Mellon, Rachael Moree and others. FLORES asked permission to not attend this meeting for fear of being in THOMAS's presence. This request was denied.

24.    On or about April 16, 2006, FLORES requested that KAISER's Human Resources Department implement discipline against THOMAS and provide her the same protection it had for other employees who were threatened by their co-workers. KAISER did not respond to this request.

25.    In May 2006, when FLORES returned to work, Sandra Schmidt told FLORES that she would need to handle these issues (anxiety attacks) or this was not the right position for her. FLORES responded that her anxiety attacks did not come from the stress of being a supervisor, but rather the fear for her safety, or even her life, because of being threatened by THOMAS.

26.    On or about July 24, 2006, FLORES learned that the manager position previously held by Rodney Gore was available.

27.    In September 2006, FLORES applied for his position.

28.    Other supervisors including Rachel Moree and Kevin Moore endorsed FLORES as being qualified for the manager position.

29.    Sandra Schmidt told FLORES that she would not be promoted to Sterile Processing Department manager because of FLORES' anxiety issues and the manner in which she handled the situation with THOMAS, rather than because of her qualifications for the job.

///

///

///

- 4 -

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

1

## DAMAGES

2    30.    As a result of the acts and omissions of alleged herein, the plaintiff has sustained

3    and will continue to sustain substantial losses of earnings, promotions, bonuses and benefits.  In

4    addition, plaintiff has suffered and will continue to suffer damage to her career and reputation in

5    an amount to be determined according to proof.

6    31.    As a further result of the acts and omissions alleged herein, plaintiff has suffered

7    and continues to suffer fear, anxiety, embarrassment, and emotional distress in an amount to be

8    determined according to proof.

9    32.    Plaintiff was required to retain counsel and is entitled to reasonable attorneys' fees

10    should he prevail in this action.

11    33.    The acts or omissions of the Defendants, and each of them, as alleged in this

12    Complaint, were willful, reckless, malicious, oppressive or done with a conscious or reckless

13    disregard for the rights of the plaintiff.  Plaintiff therefore prays for an award of punitive and

14    exemplary damages according to proof.

15

16

### FIRST CAUSE OF ACTION
### (Ralph Act, Cal. Civ. Code § 51.7)
### Against all defendants

17

18    34.    Plaintiff hereby re-alleges and incorporates by reference as though fully set forth

19    herein all prior paragraphs of this Complaint.

20    35.    A motivating reason for THOMAS's threats of violence was plaintiff's gender and

21    race as an African-American woman.

22    36.    KAISER condoned and ratified these threats.

23    37.    Plaintiff was harmed and damaged as a result of the threats.

24    38.    Defendants' conduct was a substantial factor in causing plaintiff's harm.

25    39.    Plaintiff is entitled to all remedies permitted under Civil Code 51.7, including

26    those under Civil Code section 52(b) including: exemplary damages and attorneys' fees.

27    WHEREFORE, plaintiff prays for relief as set forth herein.

28

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 5 -

## SECOND CAUSE OF ACTION
### (Bane Act, Cal. Civ. Code § 52.1)
**Against all defendants**

40. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

41. Defendant made threats of violence and threatened to commit acts of violence against plaintiff at the workplace.

42. Plaintiff reasonably believed that THOMAS would commit violence against her.

43. Defendant KAISER condoned and ratified THOMAS's threats of violence.

44. Defendants interfered with or attempted to interfere with the plaintiff's right to a safe work environment guaranteed under Labor Code Section 6400 *et seq.*

45. Defendants also interfered with or attempts to interfere with the plaintiff's right to be free from race and gender discrimination and harassment at the work place.

46. KAISER further interfered with plaintiff's right to be free from retaliation for reporting THOMAS's threats at the workplace.

47. Plaintiff was harmed.

48. Defendants' conduct was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1981)
**Against KAISER and DOES**

49. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

50. THOMAS's threats and assaultive gestures were unwelcome and were sufficiently severe or pervasive to alter the conditions of the plaintiff's terms of employment and create a racially abusive and hostile work environment.

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 6 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



51.    Plaintiff perceived the working environment to be abusive and hostile. A reasonable African-American woman in the plaintiff's circumstances would consider the working environment to be abusive and hostile.

52.    Plaintiff was subjected to harassment and intimidation because of her race and gender. KAISER treated THOMAS's threats against plaintiff differently than similar threats against white women.

53.    KAISER knew about this harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

54.    THOMAS's conduct was authorized and ratified by KAISER.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CAUSE OF ACTION
### (Wrongful employment act in violation of public policy)
### Against KAISER and DOES

55.    Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

56.    Plaintiff was employed by KAISER.

57.    KAISER failed to promote the plaintiff in violation of public policies prohibiting retaliation set forth in the Fair Employment & Housing Act, Gov't Code § 12940, et seq.

58.    The defendant's conduct caused plaintiff harm.

WHEREFORE, plaintiff prays for relief as set forth herein.

## JURY DEMAND

59.    Plaintiff hereby demands a jury trial.

///
///
///
///
///

- 7 -

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

 

## PRAYER FOR RELIEF

The plaintiff prays for relief as follows:

1.    For compensatory damages and other economic damages according to proof;

2.    For general damages according to proof;

3.    For an award of prejudgment interest at the legal rate according to proof;

4.    For an award of punitive damages;

5.    For an award of attorney's fees and costs as permitted by law;

6.    For heightened remedies as permitted by law;

7.    For injunctive relief designed to remedy the unlawful practices alleged herein; and

8.    For such other and further relief as the Court may deem necessary and appropriate.

**DATED:** March *13*, 2008

SCOTT LAW FIRM

By: _____
JOHN HOUSTON SCOTT
Attorney for Plaintiff

SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

- 8 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THE SCOTT LAW FIRM
Attn: Scott, John Houston
1375 Sutter Street
Suite 222
San Francisco, CA   94109

## Superior Court of California, County of Alameda

| | |
|---|---|
| Powe-Flores | No. RG08376663 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Kaiser Foundation Hospital | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/31/2008 | Department: 19 | Judge: **Stephen Dombrink** |
|---|---|---|
| Time: 08:45 AM | Location: **Administration Building** | Clerk: **Barbara Dell** |
| | **Third Floor** | Clerk telephone:  **(510) 267-6935** |
| | **1221 Oak Street, Oakland  CA  94612** | E-mail: |
| | | **Dept.19@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax:  **(510) 267-1507** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c. .  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/18/2008.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08376663
Case Title:    Powe-Flores VS Kaiser Foundation Hospital
Date of Filing: 03/14/2008


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Dombrink** |
| **Department:** | **19** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6935** |
| **Fax Number:** | **(510) 267-1507** |
| **Email Address:** | **Dept.19@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Dombrink
DEPARTMENT 19

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 19

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays at 9:30 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Thursdays at 8:45 a.m. and Fridays at 9:00 a.m. and 2:00 p.m.
- Case Management Conference Continuances: Mondays through Thursdays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Thursdays at 8:30 a.m.
- Settlement Conferences are heard: To be determined by the Court.
- Ex Parte matters are heard: Mondays and Wednesdays at 9:00 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.19@alameda.courts.ca.gov


- Ex Parte Matters
  Email:        Dept.19@alameda.courts.ca.gov


## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19
- Phone: 1-866-223-2244

Dated: 03/17/2008                    Executive Officer / Clerk of the Superior Court

                                     By     _____
                                                 digital
                                                    Deputy Clerk


## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/18/2008

                                     By     _____
                                                 digital
                                                    Deputy Clerk

*6412237*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
John Houston Scott   SBN: 72578 , Lizabeth N. de Vries   SBN: 227215
Scott Law Firm
1375 Sutter Street, Suite 222
San Francisco, CA 94109
TELEPHONE NO  (415) 561-9600        FAX NO *(Optional)*  (415) 561-9609
E-MAIL ADDRESS *(Optional)*
ATTORNEY FOR *(Name)*  Plaintiff: Felicia Powe-Flores

**FILED**
**ALAMEDA COUNTY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS  1225 Fallon Street
MAILING ADDRESS  Same
CITY AND ZIP CODE  Oakland, CA 94612
BRANCH NAME  Rene C. Davidson Courthouse

**APR 2 9 2008**

CLERK OF THE SUPERIOR COURT
By _____
Deputy

PLAINTIFF/PETITIONER: Felicia Powe-Flores

DEFENDANT/RESPONDENT: Kaiser Foundation Hospital et al.

CASE NUMBER
RG08376663

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of CMC and Order; Notice of Judicial Assignment for All Purposes

3. a. Party served *(specify name of party as shown on documents served):*
      Kaiser Foundation Hospital

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Alice Brilmayer (Legal Assistant)

4. Address where the party was served:
   235 W. MacArthur, Rm 669, Oakland, CA 94611
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 4/17/08        (2) at *(time):*  9:56AM
   b. ☐ by substituted service. On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| PLAINTIFF/PETITIONER: Felicia Powe-Flores | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kaiser Foundation Hospital et al. | RG08376663 |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                    (2) from *(city)*:

    (3) [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section)*:

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ]  as an individual defendant.
  b. [ ]  as the person sued under the fictitious name of *(specify)*:
  c. [ ]  as occupant.
  d. [ ]  On behalf of *(specify)*:
      under the following Code of Civil Procedure section:
        [ ] 416.10 (corporation)            [ ] 415.95 (business organization, form unknown)
        [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor).
        [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
        [ ] 416.40 (association or partnership)   [ ] 416.90 (authorized person)
        [ ] 416.50 (public entity)          [ ] 415.46 (occupant)
                                           [ ] other:

7. **Person who served papers**
  a. Name: Parrish Scott C/O A+ Process Services
  b. Address: 1271 Washington Ave #648, San Leandro, CA 94577
  c. Telephone number: (510) 568-6067
  d. **The fee** for service was: $ 60.00
  e. I am:

    (1) [ ]  not a registered California process server.
    (2) [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3) [✓]  a registered California process server:
        (i) [✓] owner  [ ] employee  [ ] independent contractor.
        (ii) Registration No.: 816
        (iii) County: Alameda

8. [✓] I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 4/17/08

Parrish Scott                     ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )

  

*6472560*

1 | DEBORAH J. BROYLES, CA BAR NO. 167681
DEBORAH R. SCHWARTZ, CA BAR NO. 208934
2 | TZADDI S. THOMPSON, CA BAR NO. 229018
THELEN REID BROWN RAYSMAN & STEINER LLP
3 | 101 Second Street, Suite 1800
San Francisco, CA 94105
4 | Tel. 415.371.1200
Fax 415.371.1211

5

Attorneys for Defendant
6 | KAISER FOUNDATION HOSPITALS

7

**FILED**
**ALAMEDA COUNTY**

MAY 1 6 2008

CLERK OF THE SUPERIOR COURT
By_____
Deputy

8

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### COUNTY OF ALAMEDA

10

### RENE C. DAVIDSON COURTHOUSE

11

12

FELICIA POWE-FLORES,

13            Plaintiff,

14     vs.

15
KAISER FOUNDATION HOSPITAL,
16 | RYAN THOMAS, and DOES 1-50, inclusive,

17          Defendants.

Case No.: RG08376663

**DEFENDANT KAISER FOUNDATION HOSPITALS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

18

19     Defendant Kaiser Foundation Hospitals ("Kaiser"), for itself alone, and in answer to the

20 | Complaint for Damages and Injunctive Relief ("Complaint") of plaintiff Felicia Powe-Flores

21 | ("Plaintiff"), hereby admits, denies, and alleges as follows:

22                     **GENERAL DENIAL**

23     Pursuant to California Code of Civil Procedure § 431.30(d), Kaiser denies generally and

24 | specifically each and every material allegation contained in the Complaint, and further denies that

25 | Plaintiff has sustained damages in the sum or sums alleged, or in any other sum at all, by reason of

26 | any alleged act, breach or omission of Kaiser.

27

28

SF #1484187 v1

-1-

5

 

## AFFIRMATIVE DEFENSES

Kaiser alleges and asserts the affirmative defenses set forth herein as to each and every cause of action and claim for relief in the Complaint, unless specified otherwise.  By pleading these affirmative defenses, Kaiser does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

Kaiser alleges that the Complaint is vague, ambiguous, indefinite and uncertain; therefore, Kaiser reserves the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the claims asserted by Plaintiff against Kaiser.

## FIRST AFFIRMATIVE DEFENSE

Kaiser alleges that the Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause or causes of action against Kaiser.

## SECOND AFFIRMATIVE DEFENSE

Kaiser alleges, upon information and belief, that the causes of action in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Civil Code § 52, California Code of Civil Procedure §§ 335.1 and § 338, 28 U.S.C. § 1658(a), and Section 10(b) of the National Labor Relations Act. 29 U.S.C. § 160(b).

## THIRD AFFIRMATIVE DEFENSE

While Kaiser denies that it engaged in the conduct alleged by Plaintiff, if it is determined that any of the conduct alleged is legally attributable to Kaiser, then Kaiser alleges that the conduct was reasonably and properly based on legitimate, nondiscriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

While Kaiser denies that it engaged in the conduct alleged by Plaintiff, Kaiser alleges that it conducted an appropriate and good faith investigation and took prompt and effective remedial action to correct any matters brought to its attention by Plaintiff (if any), and that Plaintiff unreasonably failed to take advantage of Kaiser's policies and procedures to prevent and correct discrimination, harassment and retaliation in the workplace, or to otherwise avoid harm.

 

1

### FIFTH AFFIRMATIVE DEFENSE

2  Kaiser alleges, upon information and belief, that Plaintiff has failed to exercise reasonable

3  diligence to mitigate her alleged damages, and any damages to which Plaintiff might be entitled

4  must be reduced or denied accordingly.

5

### SIXTH AFFIRMATIVE DEFENSE

6  Although Kaiser denies that it engaged in the conduct attributed to it, Kaiser alleges, upon

7  information and belief, that Plaintiff's claims for damages are barred, in whole or in part, by the

8  avoidable consequences doctrine.

9

### SEVENTH AFFIRMATIVE DEFENSE

10  Although Kaiser denies that Plaintiff has been damaged in any way, if it should be

11  determined that Plaintiff has been damaged, then Kaiser alleges, upon information and belief, that

12  such damage was not caused by Kaiser, but resulted from the conduct of Plaintiff and/or others

13  who acted without Kaiser's knowledge, consent or ratification.

14

### EIGHTH AFFIRMATIVE DEFENSE

15  Kaiser alleges, upon information and belief, that, to the extent any claim for damages is

16  based on speech or content thereof, such cause of action is barred by the First Amendment to the

17  United States Constitution, and to the extent the Bane and/or Ralph Acts seeks to regulate or

18  proscribe such speech, it is unconstitutional.

19

### NINTH AFFIRMATIVE DEFENSE

20  Kaiser alleges, upon information and belief, that the Complaint, and each and every cause

21  of action alleged therein seeking damages in the form of emotional and physical injuries allegedly

22  suffered by Plaintiff, is preempted by the exclusive remedy provisions of the California Workers'

23  Compensation Act, Labor Code § 3600, *et seq.*

24

### TENTH AFFIRMATIVE DEFENSE

25  Kaiser alleges, upon information and belief, that the Complaint, and each and every cause

26  of action alleged therein, is barred by the doctrines of estoppel, laches, waiver and/or unclean

27  hands.

28

 

1                        **ELEVENTH AFFIRMATIVE DEFENSE**

2       Kaiser alleges, upon information and belief, that the Complaint, and each and every cause

3 of action alleged therein, is barred by the after-acquired evidence doctrine.

4                        **TWELFTH AFFIRMATIVE DEFENSE**

5       Kaiser alleges, upon information and belief, that the Complaint, and each and every cause

6 of action alleged therein, is substantially dependent upon an analysis of the provisions, terms and

7 conditions of a collective bargaining agreement that existed at all times relevant hereto, and that

8 said Complaint, and each and every cause of action alleged therein, is therefore preempted by

9 Section 301 of the Labor Management Relations Act and other applicable provisions of federal

10 law. 29 U.S.C. § 185(a).

11       WHEREFORE, Kaiser prays for judgment against Plaintiff as follows:

12     1.     That Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that

13 Plaintiff take nothing by reason thereof;

14     2.     That Kaiser be awarded its costs of suit incurred herein;

15     3.     That Kaiser be awarded its attorneys' fees to the extent provided by law;

16     4.     That judgment be entered in favor of Kaiser and against Plaintiff; and

17     5.     That Kaiser receive such other and further relief as the Court deems just and

18 proper.

19 Dated: May 16, 2008

20                     THELEN REID BROWN RAYSMAN & STEINER LLP

21

22               By _____

23                    Tzaddi S. Thompson
                     Attorneys for Defendant
                     KAISER FOUNDATION HOSPITALS

24

25

26

27

28

KAISER FOUNDATION HOSPITALS' ANSWER TO PLAINTIFF FELICIA POWE-FLORES'
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



1  Felicia Powe-Flores v. Kaiser Foundation Hospital, et al.

2  **PROOF OF SERVICE BY MAIL**

3  CASE NO. RG08376663

4  I am over the age of 18 and not a party to the within action. I am employed in the County

5  of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My

6  business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

7  On May 16, 2008, I served the following entitled document:

8  **DEFENDANT KAISER FOUNDATION HOSPITALS' ANSWER
9  TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND
   INJUNCTIVE RELIEF**

10
11  by placing a true and correct copy thereof in a sealed envelope addressed as follows:

12  John Houston Scott, Esq.          Attorneys for Plaintiff
    Lizabeth N. de Vries, Esq.
13  Scott Law Firm
    1375 Sutter Street, Suite 222
14  San Francisco, CA 94109
    Telephone: 415.561.9600
15  Fax: 415.561.9609
    john@scottlawfirm.net
16  liza@scottlawfirm.net

17  I am readily familiar with the firm's business practice for collection and processing of
18  correspondence for mailing with the United States Postal Service. On this day, I placed for
19  collection and processing the above document to be deposited with the United States Postal
20  Service in the ordinary course of business. And in the ordinary course of the firm's business, such
21  correspondence is deposited with the United States Postal Service the same day that it is collected.

22  I declare under penalty of perjury under the laws of the State of California that the
23  foregoing is true and correct.

24  Executed on May 16, 2008, at San Francisco, California.

25
26  Angela Balestrieri

27

28

SF #1484393 v1                          -1-